In the Matter of MORRIS C. SMITH.—

If it were to be permitted to do so, the Supreme Court would be exercising an appellate jurisdiction with which it has not been endowed; and it would, therefore, be assuming to act without or beyond its jurisdiction. Such a threatened act may properly be restrained by an order of prohibition, which furnishes the only efficacious and complete remedy for such an attempted usurpation of power. [See *post*, p. 868.]

In the Matter of MORRIS C. SMITH.—

Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ. [See *post*, p. 869.]

DARIUS BABBA, JR., an Infant, by DARIUS BABBA, His Guardian ad Litem, et al., Respondents, v. THE YONKERS NATIONAL BANK AND TRUST COMPANY, Appellant.—

(*Altz* v. *Leiberson*, 233 N. Y. 16.) Lazansky, P. J., Johnston, Adel and Close, JJ., concur; Taylor, J., dissents and votes to reverse the judgment and to dismiss the complaint with the following memorandum: The alleged liability of the landlord-defendant for injuries sustained by the infant plaintiff by reason of the fall of a ceiling within the apartment did not exist at common law. (*Altz* v. *Leiberson*, 233 N. Y. 16.) The question is whether a provision of the Yonkers Building